IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| CRAIG L. JONES, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO. 7:12-CV-121 (HL) |
| Judge ANDREW SEARY;<br>Detective TOBY KNIFER, | : | |
| Defendants | : | **ORDER** |

Plaintiff **CRAIG L. JONES**, a pretrial detainee at the Thomas County Jail in Thomasville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## I.  REQUEST TO PROCEED IN FORMA PAUPERIS

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of Plaintiff shall forward said payments from Plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager or Sheriff of the institution where Plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on

preliminary review).

### III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff's Complaint, as well as the supplement he filed on September 14, 2012, are difficult to decipher. (Docs. 1, 6). Plaintiff claims that he is being "kidnaped by corporate officials at [the] Thomas County Bobby Hines Jail Justice Center" and falsely charged with misdemeanor stalking and felony aggravated stalking. (Doc. 1 at 10; Doc. 6 at 4). Plaintiff states that in order to be charged with aggravated felony stalking, he must first have been charged with misdemeanor stalking and be in violation of "special bond conditions . . . against harassing or intimidating the victim." (Doc. 1 at 12). Plaintiff explains that he was not arrested on January 10, 2012 and charged with misdemeanor stalking and he did not receive a preliminary hearing at which any "special bond conditions" were set. (Doc. 1 at 15). Thus, according to Plaintiff, he was falsely arrested on January 19, 2012 for aggravated stalking because he was not in violation of any "special bond conditions." (Doc. 1 at 12).

According to Plaintiff, Detective Knifer falsely arrested him on January 19, 2012 pursuant to two warrants that were both signed by Judge Seary.

Plaintiff states that he is being denied the opportunity to present sworn testimony from the victim, Susie Henderson. According to Plaintiff, his name and character have been "slandered even though [he] have (sic) tried on numerous occasions to show his innocense." (Doc. 6 at 4).

Plaintiff wants the Court to "free" him and award him damages. (Doc. 1 at 15).

To the extent Plaintiff seeks release from detention, he advances no cognizable § 1983 claim. *Preiser v. Rodriquez*, 411 U.S. 475, 499 n.14 (1973). "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' . . . He must

4


seek federal habeas corpus relief (or other appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser*, 411 U.S. at 489). If Plaintiff wishes to seek relief from custody, he may file a federal habeas corpus action after he has exhausted all available state remedies.

The Constitution does not forbid slander. In *Paul v. Davis*, 424 U.S. 693 (1976), the Supreme Court recognized that an interest in reputation alone is not a liberty or property interest protected by the due process clause. Therefore, defamation does not give rise to a claim under 42 U.S.C. § 1983 and Plaintiff's claim that the Defendants slandered him must be dismissed.

To the extent Plaintiff seeks damages, Judge Andrew Seary is "entitled to absolute judicial immunity from damages for those acts taken while [he is] acting in [his] judicial capacity unless [he] acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotations and citations omitted). In this case, Judge Seary was acting in his judicial capacity when he signed the warrants and in any preliminary hearing over which he may have presided. *See Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). Additionally, the judge clearly had jurisdiction to sign arrest warrants. Therefore, they he was not acting in the "clear absence of all jurisdiction." *Id.*

Plaintiff's claim of false arrest against Toby Knifer is also subject to dismissal without prejudice for two reasons. First, the Court notes that Plaintiff states he was arrested pursuant to two warrants. Therefore, a probable cause determination was made. As such, his only conceivable claim is a claim for malicious prosecution, not false arrest. *Wallace v. Kato*, 549 U.S. 384, 390 (2007). An arrest warrant constitutes legal process and it is the tort of malicious prosecution that permits damages for confinement pursuant to legal process.

5

*Whiting v. Traylor*, 85 F.3d 581, 585 (11th Cir. 1986) ("Obtaining an arrest warrant is one of the initial steps of a criminal prosecution. Under these circumstances (that is where seizures are pursuant to legal process), we agree with those circuits that say the common law tort 'most closely analogous' to this situation is that of malicious prosecution.") (citations omitted). An element of the tort of malicious prosecution is the termination of the criminal proceedings in a plaintiff's failure. *Wallace*, 549 U.S. at 392. In this case, Plaintiff has not shown that the criminal charges pending against him have terminated in his favor. Hence, any claim for malicious prosecution has yet to accrue and must be dismissed without prejudice.

Second, dismissal without prejudice is required under *Younger v. Harris*, 401 U.S. 37 (1971). Plaintiff's complaint, at its core, challenges his pending state court criminal proceedings. In *Younger*, the Supreme Court determined that state criminal proceedings offered a sufficient forum for the plaintiff to raise his constitutional defenses, abstained from hearing the plaintiff's claim, and stated the general rule that a federal district court must normally refrain from enjoining pending criminal state proceedings. *See Green v. Jefferson County Comm'n*, 563 F.3d 1243, 1250 (11th Cir. 2009); *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971) (explaining that "[t]he propriety of arrests and the admissibility of evidence in state criminal prosecutions are ordinarily matters to be resolved by state tribunals, subject, of course, to review by certiorari or appeal in [the Supreme Court], or, in a proper case, on federal habeas corpus." (internal citation omitted)). In *Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985), the Eleventh Circuit extended the *Younger* doctrine to § 1983 actions in which the plaintiff seeks monetary damages. *Id*. at 1406.

In this case, Plaintiff's challenges call into question the legitimacy of his state prosecution and any ruling by this Court could substantially interfere with the results reached in the state court proceedings. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (noting the

importance of "whether the federal proceeding will interfere with an ongoing state court proceeding" in determining whether *Younger* abstention is appropriate). Additionally, the alleged constitutional violations at issue here can adequately be addressed in Plaintiff's state court criminal proceeding, or in any appeal thereafter in the appropriate Georgia appellate court. Finally, Plaintiff's allegations provide no indication of irreparable injury, which the hardships associated with having to defend against a criminal prosecution fail to establish as a matter of law. *Younger*, 401 U.S. at 47.

When *Younger* abstention is appropriate, the Court should dismiss the claim without prejudice. *See Jackson v. Georgia*, 273 F. App'x 812 (11th Cir. 2008) (affirming sua sponte dismissal pursuant to 28 U.S.C. § 1915A due to *Younger* abstention); *Smith v. Mercer*, 266 F. App'x 906, 908 (11th Cir. 2008) (noting that "[a] dismissal pursuant to the *Younger* doctrine is without prejudice, and does not preclude later re-filing of the complaint")

Based on these findings, Plaintiff's request for release from jail and claim for slander are **DISMISSED** as failing to state claims upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). Any claim for damages against Judge Seary is **DISMISSED** as seeking "monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2). Plaintiff's malicious prosecution claim is **DISMISSED** without prejudice.[1]

**SO ORDERED**, this 20th day of November, 2012.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

lnb

---

[1] In light of this dismissal, all of Plaintiff's outstanding motions (Docs. 9, 10, 11) are **DENIED AS MOOT**.